# EXHIBIT A

Filing # 129005021 E-Filed 06/17/2021 07:57:41 PM

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

**RYAN TURIZO,**
individually and on behalf of all
others similarly situated,

Plaintiff,

v.

**DOCTOR'S ASSOCIATES, LLC,**

Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons and a copy of the complaint or petition in this action on defendant:

**DOCTOR'S ASSOCIATES, LLC**
**Registered Agent:**
**Corporation Service Company**
**251 Little Falls Drive**
**Wilmington, DE 19808**

    Each defendant is required to serve written defenses to the complaint or petition on **MANUEL S. HIRALDO, HIRALDO P.A., Plaintiff's attorney, whose address is 401 E. Las Olas Blvd., Ste. 1400, Fort Lauderdale, FL 33301, Tel: (954) 400-4713,** within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____ JUN 21 2021

As Clerk of the Court

BY: _____
As Deputy Clerk

BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 06/17/2021 07:57:30 PM.****

Filing # 129005021 E-Filed 06/17/2021 07:57:41 PM

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

### CASE NO.

**RYAN TURIZO,**
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

**DOCTOR'S ASSOCIATES, LLC,**

        Defendant.

**CLASS ACTION**

**JURY TRIAL DEMANDED**

_____/

### CLASS ACTION COMPLAINT

Plaintiff Ryan Turizo brings this class action against Defendant Doctor's Associates, LLC and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.     This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

2.     Defendant is the franchisor of the Subway brand for the United States.

3.     To promote its franchisees, Defendant engages in unsolicited text messaging, including to individuals who have registered their telephone numbers on the National Do Not Call Registry.

4.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of

1

the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION, VENUE, AND PARTIES

5.     This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Section 26.012(2), Florida Statutes.  The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

6.     Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.  Defendant initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Florida. Specifically, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited advertisement or telemarketing text messages to Plaintiff's cellular telephone number to sell goods, services or products in Florida.  Plaintiff's telephone number has an area code that specifically coincides with locations in Florida, and Plaintiff received such messages while residing in and physically present in Florida.

7.     Plaintiff is a natural person who, at all times relevant to this action, was a citizen and permanent resident of the Broward County, Florida.

8.     Defendant is a Delaware corporation whose principal office is located in Milford, Connecticut.

9.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

10.     Between October 2020 and May 2021, Defendant bombarded Plaintiff's cellular telephone with the following text message solicitations:

782-929 >

Text Message
Mon, Oct 19, 9:37 AM

Deals, deals and more deals. All in the Subway app. Download now and opt-in for push alerts so you never miss out. bit.ly/APPsbwy HELP/STOP call 8447887525

Thu, Feb 11, 9:37 AM

15% off a Footlong w/code 15OFF in the app @Subway bit.ly/15OFFftlng Select shops. Extras/Add-ons addt'l. 1 use. Exp 2/24/21. HELP/STOP call 8447887525

Thu, May 20, 9:35 AM

Want to give your career a fresh start? Subway Restaurants are now hiring Sandwich Artists and

3

782-929 >

15OFF in the app @Subway
bit.ly/15OFFftlng Select shops.
Extras/Add-ons addt'l. 1 use.
Exp 2/24/21. HELP/STOP call
8447887525

Thu, May 20, 9:35 AM

Want to give your career a
fresh start? Subway
Restaurants are now hiring
Sandwich Artists and
Managers! Apply today @ bit.ly/
SbwyJobs HELP/STOP call
8447887525

Today 10:46 AM

Stay cool w/ SUBWAY's $1 ANY
size fountain beverage offer!
Use code 1DRINK & order
online/in-app. bit.ly/
Sbwy1offDrk HELP/STOP call
8447887525

11.     Plaintiff received the subject text message calls within this circuit and, therefore, Defendant's violation of the TCPA occurred within this circuit.

12.     Plaintiff's cellular telephone number has been registered on the National Do Not Call Registry since September 18, 2020.

13.     Plaintiff utilizes his cellular telephone number for personal purposes only and the number is Plaintiff's residential telephone line.

14.     At the time Plaintiff received the text messages, he was the subscriber and sole user of the cellular telephone that received the messages.

15.     Defendant's text messages constitute solicitations and marketing because they promote Defendant's business, goods and services.

4

16.     Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district.

17.     Defendant's unsolicited text messages caused Plaintiff harm, including invasion of privacy, aggravation, and annoyance.  Defendant's call also inconvenienced Plaintiff, caused disruptions to Plaintiff's daily life, caused Plaintiff to waste time dealing with Defendant's unsolicited text message calls, used Plaintiff's phone's storage, and depleted Plaintiff's phone's battery.  Additionally, Defendant's unsolicited messages violated Plaintiff's substantive rights under the TCPA from be free from harassing calls like Defendant's.

## CLASS ALLEGATIONS

### PROPOSED CLASS

18.     Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).  The "Class" that Plaintiffs seeks to represent is comprised of and defined as:

> **DO NOT CALL REGISTRY CLASS: All persons in the United States who from four years prior to the filing of this action (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one text message call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services.**

19.     Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

20.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

5

NUMEROSITY

21.     Upon information and belief, Defendant has placed automated text message calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22.     The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's text messaging records.

COMMON QUESTIONS OF LAW AND FACT

23.     There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the members of the Class are:

a)  Whether Defendant sent solicitations to individuals who had registered their telephone numbers on the National Do Not Call Registry;

b)  Whether Defendant failed to honor opt-out requests;

c)  Whether Defendant continued sending solicitations to individuals who had requested for Defendant to stop calling;

d)  Whether Defendant's conduct was knowing and willful;

e)  Whether Defendant is liable for damages, and the amount of such damages; and

f)  Whether Defendant should be enjoined from such conduct in the future.

24.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits unsolicited text message calls to telephone

numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

25. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

26. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

27. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

28. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

7

## COUNT I
### Violations of TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

29.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1-28 as if fully set forth herein.

30.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

31.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." [1]

32.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

33.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

8

34.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

35.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

36.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity, and to otherwise protect the interests of the Class;

g) An injunction prohibiting Defendant from using, or contracting the use of, an ATDS without obtaining, recipient's consent to receive calls made with such equipment;

h) Such further and other relief as the Court deems necessary.

### JURY DEMAND

Plaintiff hereby demand a trial by jury.

### DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

10

Dated: June 17, 2021

Respectfully submitted,

By:   **HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
(*pro hac vice*)
401 East Las Olas Boulevard
Suite 1400
Ft. Lauderdale, FL 33301
mhiraldo@hiraldolaw.com

11