**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:21-CV-61493-RUIZ/STRAUSS

RYAN TURIZO,
individually, and on behalf of all
others similarly situated,

      Plaintiff,

vs.

DOCTOR'S ASSOCIATES LLC,

      Defendant.

                              /

## DEFENDANT DOCTOR'S ASSOCIATES LLC'S MOTION TO STAY DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

Defendant, Doctor's Associates LLC ("Defendant" or "Subway"), by and through its undersigned counsel, respectfully requests that the Court enter an order temporarily staying discovery until the Court issues a ruling on Defendant's Motion to Dismiss Plaintiff's First Amended Class Action Complaint [D.E. 11] ("Motion to Dismiss"), and in support thereof, states as follows:

**I.**     **Introduction**

Subway seeks a stay of discovery and asks the Court to defer entering any scheduling order until it determines whether this case will proceed at all, in light of the important Constitutional and statutory arguments raised in Subway's Motion to Dismiss. The grounds upon which Subway seeks to dismiss Plaintiff's purported claims are potentially case-dispositive and not subject to amendment. A temporary stay would not prejudice Plaintiff at this early stage of the proceedings, and there is absolutely no reason for the Parties to engage in burdensome and expensive discovery

where the Court could potentially dismiss the Amended Complaint with prejudice. Accordingly, and as set forth more fully herein, the Court should grant this Motion and stay the case pending resolution of any motion to dismiss the instant or any other amended complaint.[1] In the event the Court decides that this case should proceed, Subway proposes that the parties submit a proposed schedule within 14 days of entry of an order denying in whole or part the motion to dismiss.

**II.      Procedural Background**

Plaintiff initiated this action against Subway by filing a class action complaint on June 17, 2021 in the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida.  [D.E. 1-1].  The action was timely removed to this Court on July 21, 2021 and that same day, Plaintiff filed his Amended Complaint [D.E. 1]. In his Amended Complaint, Plaintiff alleges that Subway sent text messages to his cellular phone which was registered on the National Do Not Call Registry. [D.E. 1 at ¶¶10-13]. Plaintiff purports to allege two claims against Subway for violations of the TCPA and FTSA on behalf of himself and a putative class.

Subway filed its Motion to Dismiss the Amended Complaint on September 1, 2021, [D.E. 11], seeking to dismiss the Amended Complaint for failure to state a claim. Upon learning during the parties' Rule 26(f) conference that Subway intended to seek a stay of discovery, Plaintiff immediately served discovery requests directed to Subway that contain interrogatories, requests for production of documents and requests for admission. On September 8, 2021, the Parties filed their Joint Case Management Report, which advised of Subway's intent to file the instant motion. [D.E. 13].

---

[1] Based on preliminary conversations with Plaintiff's counsel, Subway understands that Plaintiff may file an amended complaint to substitute Doctor's Associates LLC with the correct Subway entity as defendant.

### III.      Memorandum of Law

"[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them," *Chudasama*, 123 F.3d at 1366, and "courts have routinely found that staying discovery is appropriate . . . when resolution of a preliminary motion may dispose of the entire action." *Textile USA, Inc. v. Diageo N. Am., Inc.*, No. 15-24309-CIV, 2016 WL 11317301, at *1 (S.D. Fla. June 8, 2016) (quotation marks omitted). "To evaluate whether there is a strong likelihood the dismissal motion will be granted," thereby necessitating a stay of discovery, the Court "must take a preliminary peek at the merits of the motion" and also "weigh the harm produced by a delay in discovery against the likely costs and burdens of proceeding with discovery." *Dayem on behalf of Dayem v. Chavez*, No. 13-62405-CIV, 2014 WL 12588513, at *1 (S.D. Fla. Mar. 11, 2014) (quotation marks omitted).

Subway has moved to dismiss Plaintiff's First Amended Class Action Complaint (the "Amended Complaint") because the text messages allegedly sent to his cellular phone do not violate the Telephone Consumer Protection Act (the "TCPA") under 47 U.S.C. §227(c), which expressly applies to *residential* phone calls only, <u>not</u> calls made to cell phones. Cell phone calls are treated differently and regulated under a separate provision of the TCPA under which Plaintiff does not and cannot assert a claim in this case based on the U.S. Supreme Court's recent decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021). *See also, e.g., Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250 (11th Cir. 2014) (distinguishing calls made to a "residential telephone line" as set forth under 47 U.S.C. § 227(b)(1)(B) from calls made to a "cell-phone number"); *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1320-21 (S.D. Fla. 2012) (explaining that "the TCPA's residential calls prohibition is contained within a separate subsection from the

cellular calls prohibition," *comparing* 47 U.S.C. § 227(b)(1)(A)(iii) *with* § 227(b)(1)(B), where "[t]he different provisions also provide different exemptions" and finding the distinction reflected in "[p]ractical realities support a distinction between residential and cellular lines"), *aff'd on other grounds*, 755 F.3d 1265 (11th Cir. 2014).

Similarly, Plaintiff does not and cannot allege a violation of the Florida Telephone Solicitation Act, Fla. Stat § 501.059, *et seq* (the "FTSA"), because Plaintiff's claim is premised on an impermissibly broad interpretation of autodialer that is contrary to the U.S. Supreme Court's narrow construction of an *autodialer* in its unanimous opinion in *Duguid.* Alternatively, if the Florida statute can be construed as broadly as Plaintiff urges, then it is void under the Dormant Commerce Clause because (a) it burdens interstate commerce and (b) regulates wholly extraterritorial activities.

Accordingly, the Motion to Dismiss provides several independent grounds for dismissal of the Amended Complaint and demonstrates that these are the type of "nonmeritorious claim[s]" that the Eleventh Circuit cautioned district courts to dismiss "before discovery has begun [so as to avoid] unnecessary costs to the litigants and the court system." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997); *see also* Order Granting Defendants' Motion to Stay Discovery at 2-3, *Lubin v. Verint Americas Inc.*, Case No. 0:21-60319-CIV (S.D. Fla. June 15, 2021) [D.E. 47] ("the Court finds that Defendants have demonstrated good cause for a brief stay of discovery in this matter. . . . [T]he Court is persuaded that Defendants' motion to compel arbitration or, alternatively, to dismiss raises serious questions as to [the] viability [of Plaintiff's novel claims]."); Order Granting Defendant's Motion to Temporarily Stay Discovery at 4, *Liberto v. Dillard's, Inc.*, Case No. 3:21-CV-517 (N.D. Fla. June 22, 2021) [D.E. 31] ("Defendant's motion

to dismiss will either dispose of the case entirely or potentially narrow Plaintiff's claims… Plaintiff will suffer minimal prejudice by a short stay while the Court rules on Defendant's motion at this early juncture in the litigation.").

Indeed, this Court has granted similar motions to stay discovery where there is a pending motion to dismiss that could dispose of the entire case, thereby rendering initiation of discovery premature. *See Leace v. Gen. Motors LLC*, No. 21-CV-60721, 2021 WL 2827759, at *3 (S.D. Fla. July 8, 2021) (granting motion to stay discovery pending a ruling on a motion to dismiss and concluding that defendant "should not be forced to expend substantial resources answering discovery given the facial challenges pending before the Court"); *Gibson v. Lynn Univ., Inc.*, No. 20-CIV-81173, 2020 WL 6700448, at *2 (S.D. Fla. Oct. 29, 2020) (staying discovery pending resolution of motion to dismiss for failure to state a claim); *Goldstein v. Costco Wholesale Corp.*, No. 21-CV-8060, 2021 WL 2827757, at *2 (S.D. Fla. July 8, 2021) ("When faced with legitimate challenges to the legal theory upon which a broad class action complaint rests, a temporary stay of discovery is the proper course until such challenges are resolved"); *Point Conversions, LLC v. Lopane*, No. 20-CIV-61549, 2020 WL 6700236, at *2 (S.D. Fla. Oct. 29, 2020) (staying discovery pending a decision on defendant's motion to dismiss which "raise[s] serious questions regarding the viability of Plaintiff's Complaint that must be resolved before Defendant is burdened with discovery and other pretrial obligations").

The same grounds for a limited stay are present here. Given that the case is still at the pleading stage, a stay would not prejudice Plaintiff because "[t]emporarily staying discovery at this juncture will not create case management obstacles or delay the prosecution of this case. Indeed, such a stay is merely designed to prevent extensive and expensive discovery from going

forward until the Court is able to effectively determine the validity of Plaintiff's claims." *Leace*, 2021 WL 2827759, at *3. This Court has also found that a temporary stay pending resolution of a motion to dismiss is justified "to minimize undue burden on litigants and the court system." *Taylor v. Serv. Corp. Int'l*, No. 20-CIV-60709, 2020 WL 6118779, at *3 (S.D. Fla. Oct. 16, 2020) (Ruiz, J.). Further, a stay "is particularly appropriate in large putative class action cases such as this wherein Plaintiff seeks a significant swath of documents from multiple entities and the elimination of even one claim could significantly impact the scope of discovery." *Id.* This is true here where the bulk of discovery would be sought against Subway and the third-party provider of the texting platform at issue for claims that are facially invalid and suffer from legal deficiencies that cannot be cured. As set forth in Subway's Motion to Dismiss, there are multiple and alternative grounds supporting dismissal of Plaintiff's claims, and it would impose an undue burden on Subway to proceed with expensive discovery regarding such non-meritorious claims. Subway's Motion to Dismiss is thus precisely the type of motion that justifies a stay before initiation of discovery. In fact, numerous courts in similar TCPA cases have granted motions to stay discovery pending ruling on motions to dismiss. *See, e.g.,* Order Granting Defendant ADF Midatlantic, LLC's Motion to Temporarily Stay Discovery, *Keim v. ADF Midatlantic, LLC et al,* Case No. 9:12-cv-80577 (S.D. Fla. May 12, 2021) [D.E. 91]; Order Granting Defendant Jackson Hewitt Defendants' Motion to Stay Discovery, *Scoma Chirpractic, P.A. v. Jackson Hewitt Inc. et al*, Case No. 2:17-cv-00024 (M.D. Fla. June 26, 2017) [D.E. 60]; Order Granting Defendant Ally Financial Inc.'s Motion to Stay Discovery, *Tillman v. Ally Financial Inc.*, Case No. 2:16-cv-00313 (M.D. Fla. October 18, 2016) [D.E. 55]. So too should this Court grant the instant motion.

## IV.     Conclusion

For the foregoing reasons, Subway respectfully requests that the Court enter an order granting a temporary stay of discovery and defer entering a scheduling order until after the Court enters an order denying in whole or part any motion to dismiss the instant or any other amended complaint.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3), undersigned counsel hereby certifies that he has conferred with Plaintiff's counsel by telephone and has been authorized to represent that the Plaintiff opposes the relief requested in this Motion.

Dated: September 9, 2021                                 Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Counsel for Defendant Doctor's Associates LLC*
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717

**GREENBERG TRAURIG, LLP**
1840 Century Park East,
Suite 1900
Telephone: (310) 586-6575
Facsimile: (310) 586-7800
IAN C. BALLON
admitted *pro hac vice*
ballon@gtlaw.com


By:     /s/ *Mark A. Salky*
            MARK A. SALKY
            Florida Bar No. 058221
            Email: salkym@gtlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of September 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Mark A. Salky*
MARK A. SALKY

## SERVICE LIST

*Ryan Turizo v. Doctor's Associates, LLC*
**CASE NO.: 0:21-cv-61493-CIV-RUIZ/STRAUSS**
**United States District Court, Southern District of Florida**

**Hiraldo P.A.**
Manuel S. Hiraldo, Esq.
401 East Las Olas Boulevard
Suite 1400
Ft. Lauderdale, FL 33301
Email: mhiraldo@hiraldolaw.com

*Attorneys for Plaintiff Ryan Turizo*