## UNITED STATES DSITRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:21-cv-61493-RAR

**RYAN TURIZO**,
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

**DOCTOR'S ASSOCIATES, LLC,**

      Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

### SECOND AMENDED CLASS ACTION COMPLAINT[1]

Plaintiff Ryan Turizo brings this class action against Defendant Subway Franchisee Advertising Fund Trust Ltd. and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA"), and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[2]

---

[1] This amendment is made with Defendant's consent.  Through this amendment, Plaintiff hereby dismisses Doctor's Associates, LLC without prejudice and names Subway Franchisee Advertising Fund Trust Ltd. as the Defendant in this case.

[2] The amendment to the FTSA became effective on July 1, 2021.

1

2. Defendant provides advertising related services for Subway franchise locations throughout the United States.

3. To promote its franchise locations and related goods and services, Defendant engages in unsolicited text messaging, including to individuals who have registered their telephone numbers on the National Do Not Call Registry, and to those who have not provided Defendant with their prior express written consent as required by the FTSA.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION, VENUE, AND PARTIES

5. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's FTSA claims pursuant to 28 U.S.C. § 1367.

7. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Florida. Specifically, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited advertisement or telemarketing text messages to Plaintiff's cellular telephone number to sell goods, services or products in Florida. Plaintiff's telephone number has an area code that specifically coincides with locations in Florida, and Plaintiff received such messages while residing in and physically present in Florida.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

9. Plaintiff is a natural person who, at all times relevant to this action, was a citizen and permanent resident of the Broward County, Florida.

10. Defendant is a Delaware corporation whose principal office is located in Milford, Connecticut.

## FACTS

11. Between on or about October 19, 2020 and continuing through July 7, 2021, including after Defendant was served with this lawsuit, Defendant bombarded Plaintiff's cellular telephone with the following text message solicitations:

> 782-929 >
>
> Text Message
> Mon, Oct 19, 9:37 AM
>
> Deals, deals and more deals. All in the Subway app. Download now and opt-in for push alerts so you never miss out. bit.ly/APPsbwy HELP/STOP call 8447887525
>
> Thu, Feb 11, 9:37 AM
>
> 15% off a Footlong w/code 15OFF in the app @Subway bit.ly/15OFFftlng Select shops. Extras/Add-ons addt'l. 1 use. Exp 2/24/21. HELP/STOP call 8447887525
>
> Thu, May 20, 9:35 AM
>
> Want to give your career a fresh start? Subway Restaurants are now hiring Sandwich Artists and

> 782-929 >
>
> 15OFF in the app @Subway bit.ly/15OFFftlng Select shops. Extras/Add-ons addt'l. 1 use. Exp 2/24/21. HELP/STOP call 8447887525

Thu, May 20, 9:35 AM

> Want to give your career a fresh start? Subway Restaurants are now hiring Sandwich Artists and Managers! Apply today @ bit.ly/SbwyJobs HELP/STOP call 8447887525

Today 10:46 AM

> Stay cool w/ SUBWAY's $1 ANY size fountain beverage offer! Use code 1DRINK & order online/in-app. bit.ly/Sbwy1offDrk HELP/STOP call 8447887525

4

> 782-929
>
> To order online, click here: bit.ly/1DRINKOnline If you'd like to order in-app, click here: bit.ly/1DRINKinapp
>
> Select shops. App/online only. Plus tax. Exp. 7/8/21. HELP/STOP call 8447887525

Mon, Jun 28, 10:42 AM

> Make Monday less "meh" w/ ANY fountain drink for $1 @ SUBWAY. Use promo code 1DRINK. In-app: bit.ly/1drnkapp or Online: bit.ly/1DrnkOO HELP/STOP call 8447887525

Sat, Jul 3, 10:48 AM

> Declare independence from thirst! Get ANY fountain drink for $1 @ SUBWAY w/ code 1DRINK. Online: bit.ly/1drkOO.

> 782-929
>
> Make Monday less "meh" w/ ANY fountain drink for $1 @ SUBWAY. Use promo code 1DRINK. In-app: bit.ly/1drnkapp or Online: bit.ly/1DrnkOO HELP/STOP call 8447887525

Sat, Jul 3, 10:48 AM

> Declare independence from thirst! Get ANY fountain drink for $1 @ SUBWAY w/ code 1DRINK. Online: bit.ly/1drkOO. In-app: bit.ly/a1drk HELP/STOP call 8447887525

Wed, Jul 7, 10:36 AM

> LAST CHANCE! Get ANY size fountain beverage for $1 @ SUBWAY with promo code 1DRINK either in-app: bit.ly/1DRKa or online: bit.ly/1drkO HELP/STOP call 8447887525

5



12. Defendant continues to send text message solicitations to Plaintiff's cellular telephone.

13. Plaintiff received the subject text message calls within this district and, therefore, Defendant's violation of the TCPA occurred within this district.

14. Plaintiff was in Florida when he received the above text message calls.

15. Plaintiff's cellular telephone number has an area code that corresponds with geographic locations in Florida. Accordingly, Defendant knew or should have known that it was sending text messages to an individual located in Florida.

16. Plaintiff's cellular telephone number has been registered on the National Do Not Call Registry since September 18, 2020.

17. Plaintiff is the regular user of the telephone number that received the above telephonic sales text message calls.

18. Plaintiff utilizes his cellular telephone number for personal purposes and the number is Plaintiff's residential telephone.

19. At the time Plaintiff received the text messages, he was the subscriber and sole user of the cellular telephone that received the messages.

20. Defendant's text messages constitute solicitations and marketing because they promote Defendant's business, goods and services.

21. To transmit the above telephonic sales text message calls, Defendant utilized a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone numbers.

22. The number used by Defendant to transmit the subject text message solicitations (782-929) is known as a "short code." Short codes are short digit sequences, significantly shorter than telephone numbers, that are used to address messages in the Multimedia Messaging System and short message service systems of mobile network operators.

23. Text messages using a short code can only be sent using a computer, and cannot be sent using a standard telephone.

24. The impersonal and generic nature of Defendant's text messages, coupled with their frequency, and the fact that they originated from a short-code, demonstrates that Defendant utilized a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone numbers.

25. To send the text message, Defendant used a messaging platform (the "Platform"), which permitted Defendant to transmit thousands of text messages automatically and without any human involvement.

26. Defendant was not required to and did not need to utilize the Platform to send messages to Plaintiff and the Class members. Instead, Defendant opted to use the Platform to maximize the reach of its text message advertisements at a nominal cost to Defendant.

27. The Platform has the capacity to select and dial numbers automatically from a list of numbers.

28. The Platform has the capacity to schedule the time and date for future transmission of text messages.

29. The Platform also has an auto-reply function that results in the automatic transmission of text messages.

30. In fact, Defendant's website refers to the Platform as an "automated system" that transmits "autodialed ads". *See* www.subway.com/en-US/Legal/TermsOfUse; (last accessed Sept. 13, 2021).

31. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

32. Upon information and belief, Defendant failed to secure prior express written consent from the other individuals in Florida to whom it sent text message solicitations.

33. Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within Florida.

34. Defendant's unsolicited text messages caused Plaintiff harm, including invasion of privacy, aggravation, and annoyance. Defendant's call also inconvenienced Plaintiff, caused disruptions to Plaintiff's daily life, caused Plaintiff to waste time dealing with Defendant's unsolicited text message calls, used Plaintiff's phone's storage, and depleted Plaintiff's phone's battery. Additionally, Defendant's unsolicited messages violated Plaintiff's substantive rights under the TCPA and FTSA from be free from harassing calls like Defendant's.

## CLASS ALLEGATIONS

### PROPOSED CLASS

35. Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent the following Classes:

> **DO NOT CALL REGISTRY CLASS**: All persons in the United States who from four years prior to the filing of this action (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one text message call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services.
>
> **FTSA CLASS**: All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.

36. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

37. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each Class but believes the members number in the several thousands, if not more.

**NUMEROSITY**

38. Upon information and belief, Defendant has placed text message solicitation calls to cellular telephone numbers belonging to thousands of consumers throughout the United States and in Florida without their prior express written consent. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

39. The exact number and identities of the members of the Classes are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text messaging records.

**COMMON QUESTIONS OF LAW AND FACT**

40. There are numerous questions of law and fact common to members of the Classes which predominate over any questions affecting only individual members. Among the questions of law and fact common to the members of the Classes are:

   a) Whether Defendant sent solicitations to individuals who had registered their telephone numbers on the National Do Not Call Registry;

   b) Whether Defendant's conduct was knowing and willful;

   c) Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;

   d) Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls;

   e) Whether Defendant is liable for damages, and the amount of such damages; and

   f) Whether Defendant should be enjoined from such conduct in the future.

41. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits unsolicited text message calls to telephone

numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

42. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

43. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

44. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

45. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

46. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-45 as if fully set forth herein.

47. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[3]

49. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

50. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

51. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

52. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

53. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**Violation of the FTSA, Fla. Stat. § 501.059**
**(On Behalf of Plaintiff and the FTSA Class)**

54. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-45 as if fully set forth herein.

55. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

56. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

57. "Prior express written consent" means an agreement in writing that:

   1. Bears the signature of the called party;

   2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

   3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

   4. Includes a clear and conspicuous disclosure informing the called party that:

      a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

      b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

58. Defendant failed to secure prior express written consent from Plaintiff and the Class members.

59. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

60. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

61. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Classes;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of

the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An award of statutory damages for Plaintiff and each member of the Class under the FTSA;

g) An order declaring that Defendant's actions, as set out above, violate the FTSA;

h) An injunction requiring Defendant to cease all unsolicited call activity, and to otherwise protect the interests of the Class;

i) An injunction prohibiting Defendant from using, or contracting the use of, an ATDS without obtaining, recipient's consent to receive calls made with such equipment;

j) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: September 15, 2021

                                    Respectfully submitted,

By:   **HIRALDO P.A.**

       */s/ Manuel S. Hiraldo*
       Manuel S. Hiraldo, Esq.
       Florida Bar No. 030380
       401 East Las Olas Boulevard
       Suite 1400
       Ft. Lauderdale, FL 33301
       mhiraldo@hiraldolaw.com